UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN ALEXANDER VIANEZ,

          Plaintiff,

    v.

PIERCE COUNTY JAIL et al.,

          Defendants.

CASE NO. C12-5272 RJB-JRC

ORDER TO FILE AN AMENDED COMPLAINT

      The Court has reviewed the proposed complaint in this 42 U.S.C. §1983 civil action (ECF No. 1, proposed complaint). The Court orders plaintiff to file an amended complaint because the proposed complaint is deficient for a number of reasons as noted below.

      Plaintiff is attempting to combine a <u>Bivens</u> action (<u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971)) against federal persons, possibly a civil rights action against state defendants at Western State Hospital, and a civil rights action against a municipality -- Pierce County -- in the same complaint. Plaintiff is also attempting to combine many incidents that occurred over time into one action. The incidents are from different places. Some of those places

ORDER TO FILE AN AMENDED COMPLAINT - 1

are within this Court's jurisdiction, but some of the incidents occurred in other places, like Tucson, Arizona, or Victorville, California.

    A.  Bivens actions.

A Bivens action can be brought against federal persons in place of a civil rights action. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). This action is allowed because federal persons do not act under color of state law and they cannot normally be sued in a civil rights action. Plaintiff may only seek monetary damages in a Bivens action, declaratory and injunctive relief are not available. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) (allowing an action for damages).

Plaintiff needs to amend his complaint regarding incidents that allegedly occurred in the Federal Detention Center at SeaTac, and to name proper defendants, specifically the persons who he alleges deprived him of rights, and he will need to plead facts showing that he is entitled to monetary relief.

    B.  Civil rights actions.

Plaintiff names Western State Hospital in the proposed complaint, but he provides no facts regarding his alleged stay in the hospital (ECF No. 1). To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) defendant must be a person acting under the color of state law; and (2) defendant's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981) (overruled in part on other grounds); Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986). Implicit in the second element, is a third element of causation. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87, 97 S. Ct. 568 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S.

875, 101 S. Ct. 218 (1980). State agencies, such as Western State Hospital, are not persons for purposes of the Civil Rights Act. Will v. Michigan Department of Police, 491 U.S. 58, 66 (1989).

Plaintiff needs to amend his complaint regarding allegation of conduct at Western State Hospital to name a person and to state a proper claim.

C. Municipal liability.

Plaintiff names the Pierce County Jail as a defendant. In order to state a claim against a municipality, like Pierce County, a plaintiff must show that defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. See Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under § 1983, plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. See Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

The Supreme Court has emphasized that the unconstitutional acts of a government agent standing alone, cannot lead to municipal liability; there is no *respondeat superior* liability under § 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989), (*quoting* Monell at 694).

A municipality will not be liable for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. Davis v. City of Ellensburg, 869 F.2d

1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1444 (9th Cir. 1989). Plaintiff needs to amend his complaint if he wishes to proceed against Pierce County. Plaintiff has not named the individual persons he alleged acted improperly while he was housed in the Pierce County Jail.

  D. Jurisdiction.

  This Court has jurisdiction over incidents and persons in the Western District of Washington. Plaintiff alleges that he is being improperly held in "SHU" in Tucson, Arizona. This allegation is not properly before this Court. Plaintiff also names Oklahoma City FTC, Dublin FCI, and Victorville USP, as defendants. None of these locations are within the Western District. Further, plaintiff provides no facts regarding incidents at these other facilities.

  The Court orders plaintiff to file an amended complaint curing the defects outlined above by May 25, 2012. Plaintiff's failure to file an amended complaint, or the filing of a complaint that does not cure the defects will result in a Report and Recommendation to dismiss this action.

  Dated this 19th day of April, 2012.

J. Richard Creatura
United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT - 4