UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN ALEXANDER VIANEZ,

          Plaintiff,

v.

PIERCE COUNTY JAIL et al.,

          Defendants.

CASE NO. C12-5272 RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JULY 13, 2012

The district court has referred this 42 U.S.C. §1983 civil rights matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff is an inmate housed in a federal facility in Tucson, Arizona.

The Court ordered plaintiff to file an amended complaint because there are numerous defects in his original filing (ECF No. 7). The defects included seeking injunctive relief against federal entities when only monetary damages would be possible, naming federal entities and persons who were not within the jurisdiction of this Court, naming state entities as defendants when the entity is not a person and has Eleventh Amendment immunity from suit, and naming a

REPORT AND RECOMMENDATION - 1

1 municipality as a defendant without pleading facts to show that policy or custom of the

2 municipality was at issue. These defects were explained to plaintiff so that plaintiff could file an

3 amended complaint (ECF No. 7).

4 The Court gave plaintiff until May 25, 2012 to file his amended complaint. As of June

5 16, 2012, plaintiff has failed to comply with the Court's order. The Court now recommends that

6 this action be dismissed with prejudice for failure to state a claim and failure to comply with a

7 court order.

## STANDARD OF REVIEW

9 Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should

10 dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

11 theory or because of the absence of sufficient facts alleged under a cognizable legal theory.

12 Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

13 Plaintiff's material allegations in the complaint are taken as admitted and the complaint is

14 construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a

15 complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

16 allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

17 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

18 will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual

19 allegations must be enough to raise a right to relief above the speculative level, on the

20 assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545.

21 Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at

22 570. The court liberally construes a pro se pleading but cannot supply facts to a complaint. Pena

23 v. Gardner, 976 F.2d 469 (9th Cir. 1992). Further, plaintiff has failed to file an amended

24

1 complaint when ordered to do so by this Court. Fed. R. Civ. P. 41 (b) provides authority for
2 dismissal of an action with prejudice when plaintiff fails to comply with any Court order.

## DISCUSSION

The defects in plaintiff's original complaint made it subject to screening and dismissal pursuant to 28 U.S.C. § 1915 (a). The Court explained the defects and ordered plaintiff to amend the complaint (ECF No. 7). Despite the Court giving plaintiff the opportunity to cure the defects in his complaint, plaintiff has failed to take action. Plaintiff's failure to comply with the Court's order is grounds for dismissal of the action with prejudice. See, Fed. R. Civ. P. 41(b). For the reasons that are set forth above the Court recommends dismissal of the complaint with prejudice. The Court does not recommend that plaintiff be given a strike for this case as it is unclear if amendment could have resulted in a servable complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 13, 2012, as noted in the caption.

Dated this 18th day of June, 2012.

J. Richard Creatura
United States Magistrate Judge