UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN ALEXANDER VIANEZ,

        Plaintiff,

v.

PIERCE COUNTY JAIL,

        Defendant.

CASE NO. C12-5272 RJB

ORDER ON REVIEW OF MOTION TO RECUSE

Plaintiff was ordered to file an amended complaint curing defects in his original filing. Dkt. No. 7. Upon his failure to do so, the Magistrate Judge entered a Report and Recommendation to dismiss Plaintiff's complaint. Dkt. No. 9. On July 16, 2012, U.S. District Judge Bryan entered an order adopting the Report and Recommendation (Dkt. No. 10) and a judgment dismissing the complaint followed a week later. Dkt. No. 11.

Plaintiff responded by filing a motion requesting leave to file objections to the Report and Recommendation and alleging that the "prior circumstances of the case[1] require recusal of Judge

---

[1] The Court notes that Judge Bryan presided over Plaintiff's criminal conviction.

ORDER ON REVIEW OF MOTION TO RECUSE- 1

Bryan." Dkt. No. 15, p. 2. This Court is not concerned with the substantive aspect of Plaintiff's motion, but Judge Bryan has declined to recuse himself and referred the matter to the Chief Judge pursuant to Local Rule 8(c). Plaintiff's motion is therefore ripe for review by this Court.

Having reviewed the record in the above-entitled matter, the Court finds no grounds requiring Judge Bryan to recuse himself and DENIES the motion.

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Reviewing Plaintiff's motion, the only ground which he articulates for his request for recusal is that Judge Bryan has "an interest in the outcome" and therefore "a conflict of interest." Mtn., p. 1. The Court can only assume that Plaintiff is referring to Judge Bryan's participation in his criminal conviction – he cites to no other interest or conflict which Judge Bryan might have in his civil matter.

A judge's conduct in the context of pending or previous judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. Plaintiff has identified no error of law, and a review of Judge Bryan's rulings in this matter reveals no orders that were so outlandish or irrational as to give rise to an inference of bias.

Plaintiff may disagree with Judge Bryan's rulings in his criminal matter and may disagree with the outcome, but that is a basis for appeal, not disqualification. As Plaintiff has cited no extrajudicial source of bias, the Court finds that Judge Bryan's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal/re-assignment is DENIED.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.

1 | Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Plaintiff's motion to
2 | reassign this case.
3 |
4 | The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.
5 | Dated this 10th day of August, 2012.

_____
Marsha J. Pechman
Chief United States District Judge

ORDER ON REVIEW OF MOTION TO RECUSE- 4